————, *for appellant.*

————, *for appellee.*

---

### G. H. FORD *v.* CLEMENT SHOBE ET AL.

**Exceptions, Bill of—Tender of.**

Where time was given until the second day of the next term of the court in which to file a bill of exceptions, a tender of the bill of exceptions on the second day of the next term is a sufficient compliance with the order of the court and with the Code.

**Appeal—Bill of Exceptions—Tender of.**

Where the court refused to permit the filing of a bill of exceptions for the reason that it was not offered at the proper time, counsel

should have tendered his bill of evidence and excepted to the ruling of the court in refusing the filing, and made the bill of evidence thus offered and his last exception a part of the record.

APPEAL FROM BARREN CIRCUIT COURT.

January 15, 1874.

OPINION BY JUDGE PRYOR:

The record presents a novel state of case. This was a trial at law, and a judgment rendered upon the verdict of a jury. Time was given the appellant until the second day of the succeeding term of the court to file his bill of evidence. The exceptions taken during the progress of the trial were presented to the court during its session on the day to which the leave to file had been given; and the court, not being advised, took time until the next morning (the third day of the term) to consider. No further notice was taken of the proceeding or motion made in regard to the exceptions until the sixth day of the term, when counsel again asked leave to have the exceptions filed. The court refused the filing for the reason, as the record shows, that no offer to file had been made on the day to which the court, at its own instance, had postponed the consideration of the motion made to file on the second day of the term. When counsel tendered the bill of evidence on the second day of the term and the judge declined to permit the filing, he had complied fully with the order giving the leave, as well as the provisions of the Code. He had no power to compel the judge to sign the bill of evidence on that day, and the court had the undoubted right to refuse the filing until he was satisfied that the exceptions as prepared were correct. The offer then to file was equivalent to filing when the judge, at his own instance, took time to consider.

The refusal, however, to permit the exceptions to be filed is no ground for a reversal of the judgment, for the reason that this court is unable to say whether the judgment is erroneous or not. When the judge is of the opinion that the exceptions are not true, the party excepting, if not satisfied with the corrections made by the court, may call upon two bystanders to attest the truth of his exceptions, and file them also; or if the court should refuse to sign any exceptions whatever, we have no doubt but what the party complaining

would adopt the same remedy. The court, in this case, had not refused to sign the exceptions, but refused to permit them to be filed, assigning no other reason, as the record shows, than that they were not offered at the proper time. The counsel should then have tendered his bill of evidence, as had already been done, and excepted to the ruling of the court in refusing the filing, and made the bill of evidence thus offered and his last exception a part of the record. The court could then have considered not only the question made in regard to the filing, but also any other error committed during the progress of the trial. This has not been done and the judgment of the court below must therefore be affirmed.

*Bohannon & Porter, for appellant.*

*Leslie & Botts, appellees.*